IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON PICKENS,<br># 25012584,<br>　　　　Plaintiff,<br><br>v.<br><br>RICHARDSON POLICE DEP.,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-cv-01946-D-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Braylon Pickens, a pretrial detainee in the Dallas County Jail, filed a pro se civil rights lawsuit against the Richardson Police Department. *See* Compl. (ECF No. 3). In his amended complaint, he claims that officers kept money taken from him during his arrest and subjected him to an improper and invasive search, including alleged sexual misconduct, while checking him for weapons. Am. Compl. at 4 (ECF No. 8). He asks the Court to dismiss his pending criminal charges and award him $50,000 in damages for each claim.

Public records show that Plaintiff currently faces three felony indictments in Dallas County for manufacturing or delivering methamphetamine, or possessing it with intent to deliver. *State v. Pickens*, No. F-25-23834 (204th Jud. Dist. Ct., Dallas Cnty.) (filed Apr. 25, 2025); *State v. Pickens*, No. F-25-23833 (filed Jul. 25, 2025); *State v. Pickens*, No. F-25-45341 (filed Apr. 25, 2025). At least two indictments include enhancements based on a prior felony drug conviction, and the alleged offenses occurred on different dates. All charges remain pending.

1

After reviewing the pleadings and the law, the undersigned finds that Plaintiff's claims challenging his arrest, the search and seizure, and the request to dismiss his criminal charges are barred by the *Younger* abstention doctrine and must be dismissed for lack of jurisdiction. The undersigned further finds Plaintiff's related claims for monetary damages should be stayed until his state criminal cases reach a final resolution.

### Legal Standards and Analysis

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over Plaintiff's claims.

### A. The Court lacks jurisdiction to intervene in Plaintiff's pending state criminal proceedings.

The *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is filed. *Younger v. Harris*, 401 U.S. 37, 41 (1971). For *Younger* to apply, three criteria must be satisfied:  (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, because Plaintiff challenges the legality of his arrest and the conduct of officers during that arrest—including allegations of unlawful search, seizure of property, and excessive or inappropriate force—all of which arise directly from the events underlying his pending state criminal prosecution. What he asks this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff.").

The state has an important and legitimate reason to prosecute violations of its criminal laws. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). And Plaintiff can raise his claims in the state trial court—where he is represented by counsel. Moreover, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975).

In sum, because Plaintiff cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his claims for federal intervention in his Dallas County prosecution. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

**B. The Court should stay Plaintiff's claims for monetary damages.**

Plaintiff also seeks monetary damages for claims related to his allegedly wrongful search and seizure. "[T]he *Younger* abstention doctrine is not applicable to a claim for damages." *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citation omitted). At any rate, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming

stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Plaintiff's claims that officers unlawfully searched him, took money from him, and used excessive or inappropriate force during the search are closely tied to the validity of his pending state criminal charges. Adjudicating these claims would require this Court to examine the lawfulness of the arrest and the conduct of officers during the events underlying the prosecution. Thus, Plaintiff's claims for monetary damages should be stayed until the Dallas County criminal proceedings against him are resolved. *See Profit v. Ouachita Par.*, 411 F. App'x 708, 709 (5th Cir. 2011) (affirming district court's decision to stay detainee's civil claims pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (holding that when civil claims relating to an arrest and prosecution could implicate issues in pending criminal proceedings, the proper course is to stay the civil action).

### C. Plaintiff is not entitled to leave to amend.

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, for the reasons discussed, Plaintiff's claims are fatally flawed. Based on the legal theories and facts Plaintiff presents, he cannot state a valid legal claim. Thus, granting further leave to amend would be futile and cause needless delay.

## Recommendation

The District Judge should **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for federal intervention in his pending state criminal proceeding as barred by the *Younger* abstention doctrine; **STAY** his claims for damages related to his wrongful arrest and search and seizure; and **ADMINISTRATIVELY CLOSE** this case, pending the final resolution of the state criminal charges in Dallas County Case Nos. F-25-23833, F-25-23834, and F-25-45341. Plaintiff should also be (1) ordered to move to reopen this case within 60 days after entry of judgment or an order of dismissal in his state criminal court cases, and (2) advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a Court order.

**SO RECOMMENDED** on April 10, 2026.

_____

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

7